Cecilia R. GISSEN, Plaintiff,

v.

COLORADO INTERSTATE CORPORA-TION et al., Defendants.

Osher CHECHIK, Plaintiff,

v.

COASTAL STATES GAS CORPORA-TION et al., Defendants.

Civ. A. Nos. 4645, 4697.

United States District Court,
D. Delaware.

Aug. 15, 1973.

Irving Morris and Joseph A. Rosenthal of Cohen, Morris & Rosenthal, Wilmington, Del., for plaintiff Gissen in Civ.A. No. 4645.

Arthur G. Connolly, Jr. of Connolly, Bove & Lodge, Wilmington, Del. and

Paul M. Bernstein, of Kreindler & Kreindler, New York City, of counsel, for plaintiff Chechik in Civ.A. No. 4697.

Rodney M. Layton and Wendell Fenton, of Richards, Layton & Finger, Wilmington, Del., and Michael Lesch, of Shea, Gould, Climenko & Kramer, New York City, of counsel, for defendants Colorado Interstate Corp. and Coastal States Gas Corp. Civ.A. Nos. 4645 and 4697 and for defendant Coastal States Gas Producing Company in Civ. A. No. 4697.

S. Samuel Arsht, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for individual defendants Wyatt in Civ.A. Nos. 4645 and 4697 and for Capelle, Davis, DuBose, Fair, Gates, Jaworski, Odom, Vance & Ware in Civ.A. No. 4645.

David F. Anderson, of Potter, Anderson & Corroon, Wilmington, Del., and Cahill, Gordon & Reindel, New York City, of counsel, for individual defendants Daum, King, Mueller and Tutt in Civ.A. No. 4645 and 4697 and for Bellano in Civ.A. No. 4645.

## MEMORANDUM OPINION

LATCHUM, District Judge.

On May 3, 1973 an action entitled Cecilia R. Gissen v. Colorado Interstate Corporation, et al., Civil Action No. 4645 ("Gissen action") was filed in this District. The complaint as amended in that action charges that Colorado Interstate Corporation ("CIC"), Coastal States Gas Corporation ("Coastal") and their respective directors, in violation of Sections 10(b) and 14(a) of the Securities and Exchange Act of 1934 (the "Act") and the rules promulgated thereunder, engaged in an illegal course of conduct whereby they failed adequately to disclose and falsely represented allegedly material circumstances in connection with the dissemination of a joint proxy statement issued by CIC and Coastal incident to a merger of the two companies.[1] The Gissen action was brought by the plaintiff on her own behalf and on behalf of all other persons similarly situated, namely all persons who were CIC stockholders on November 1, 1972 and who received a notice of a special meeting of CIC stockholders to be held on December 20, 1972 and an accompanying proxy statement. After hearing, the Court found that (1) the class sought to be represented was so numerous that joinder of all members was impracticable, (2) there were questions of law and fact common to the members of the class which predominate over any questions affecting only individual members, (3) a class action was superior to all other available methods for a fair and efficient adjudication of the controversy, (4) the claims of the representative party were typical of the claims of the class, and (5) the representative party will fairly and adequately protect the interest of the class. Consequently, the Court determined on July 16, 1973, in accordance with Rule 23(c)(1), F.R.Civ.P., that the Gissen action could be maintained as a 23(b)(3) class action on behalf of all persons, exclusive of the defendants, who were stockholders of CIC on November 1, 1972 and ordered that specified notice of the pendency of the action be given to the class pursuant to Rule 23(c)(2), required the enclosure of a request for exclusion from the class and provided for the payment of expenses for preparation and mailing of the notices.[2]

Thereafter, on July 30, 1972 an action entitled Osher Chechik v. Coastal States Gas Corporation, et al., Civil Action No. 4697 ("Chechik action") was transferred to this Court from the United States District Court For The Eastern District of New York. The Chechik action had been filed there on June 21, 1973. When the Chechik action was transferred to this District, plaintiff moved for an order (a) determining that the suit could be maintained as a class ac-

---

1. Docket Items 1 & 6 in C.A. 4645.

2. Docket Items 34 & 35 in C.A. 4645.

tion on behalf of all persons, exclusive of the defendants therein, who were stockholders of CIC on November 1, 1972 and as a separate class, all persons who were CIC stockholders continuously between July 7, 1972 and January 2, 1973, (b) consolidating the Chechik action with the Gissen action for pre-trial purposes and (c) authorizing a joint notice to the classes covered in both suits advising of the pendency of both actions.[3]

A hearing was held on that motion on August 2, 1973. At that hearing, CIC and Coastal moved (a) to stay all discovery pending in both the Gissen and Chechik actions, and (b) to stay the sending of the class action notices ordered by the Court in the Gissen action on July 16, 1973.[4]

After fully reviewing the record in both cases and hearing counsel, the Court ruled from the bench that (1) Chechik's motion to consolidate his action with the Gissen action for pretrial purposes under Rule 42(a) was granted, (2) Chechik's motion to give a joint notice to the classes in both actions was denied, (3) CIC and Coastal's motions to stay discovery and stay sending class action notices were denied, and (4) decision was reserved on Chechik's motion for a determination that his action could be maintained as a class action.[5] In ruling on these latter motions, the Court concluded that the class action notices which had been ordered by the Court on July 16, 1973 and were ready for mailing should not be further delayed in putting the class members on notice of the pending Gissen action and that this would be the effect if a joint notice had to be prepared as requested by Chechik or if a stay were granted as requested by CIC and Coastal. The Court also did

not believe that discovery should be stayed in the Gissen and Chechik actions pending a possible transfer to this District of a like suit filed in the United States District Court for the Western District of Texas.[6] However, it did order the Gissen and Chechik actions consolidated for pre-trial purposes, including discovery, with the admonition to the attorneys for the plaintiffs not to duplicate their efforts and to be reasonable in scheduling discovery with the defendants.

This brings the Court to the point of determining the remaining question whether the Chechik action should be maintained as a class action as provided by Rule 23(c)(1).

Upon the present record the Court concludes that the Chechik action may be maintained, at least at present, as a class action representing a sub-class, that is, persons who were stockholders of CIC continuously from July 7, 1972 to January 2, 1973 with respect to the First and Fourth Claims of the Chechik complaint.

The Second and Third Claims of the Chechik complaint are identical to the claims asserted in the Gissen action. Since the Gissen action has been determined to be a class action brought under Rule 23(b)(3) representing those persons, other than defendants, who were CIC stockholders on November 1, 1972 and since it has also been determined that the plaintiff Gissen would adequately and fairly represent the class with respect to the charges that the defendants violated Sections 10(b) and 14 (a) of the Act and the rules promulgated thereunder, there is no good reason to permit the Chechik action to duplicate this effort and to proceed as a class action for the same class members in

---

3. Docket Item 5 in C.A. 4697.

4. Docket Item 11 in C.A. 4697.

5. These rulings were embodied in an Order, dated August 9, 1973. See Docket Item 11 in C.A. 4697.

6. Joan Weisberg v. Coastal States Gas Producing Company, et al., 73 C.A. 161.

order to vindicate the same alleged wrongs.

However, Chechik contends that its First and Fourth Claims asserted in the complaint are in fact broader than the claims asserted in the Gissen action. The First Claim asserted in the Chechik action on behalf of CIC stockholders who held stock continuously from July 7, 1972 to January 2, 1973 (referred to as the "Forced Seller Class") is based on Section 10(b) of the Act and appears to be as follows: As a result of a collusive agreement between the management of CIC and Coastal, which resulted in misleading information contained in a tender offer and disseminated to the shareholders of Colorado, 47% of CIC's shareholders were induced to sell their stock to Coastal. Thereafter the defendants forced a merger of CIC into Coastal. This merger was assured because Coastal together with CIC's management controlled a majority of CIC's stock. Thus, in a continuous pattern dating from the July 1972 tender offer, the defendants forced a merger between Coastal and CIC on January 2, 1973 in which a minority of CIC's shareholders received an inadequate return for the CIC stock they were forced to surrender in the merger.

The Fourth Claim asserts a common law cause of action and charges that Coastal and the management of CIC in not opposing the tender offer and in forcing the merger in which the minority shareholders of CIC received an inadequate and unfair return for the shares they were forced to surrender, breached their common law fiduciary duty which they owed as majority shareholders to the minority shareholders of CIC.

■ While the operative facts alleged in both actions are identical, it does appear at this time that the Chechik action asserts two additional theories of recovery not specifically asserted in the Gissen action. This now appearing to be the case, the Court determines that the members of the sub-class, those persons, other than the defendants, who held CIC stock continuously from July 7, 1972 to January 2, 1973, should have the benefit of the different theories of recovery asserted in the First and Fourth Claims of the Chechik action.

■ Since the class sought to be represented on allegedly different theories in the Chechik action are included within the broader class of the Gissen action who have received notice of the pendency of the Gissen action, it does not appear necessary at this time to require a discretionary notice under Rule 23(d)(2) of these additional claims allegedly asserted in the Chechik action. The more inclusive class membership in the Gissen action has been given the opportunity to request exclusion from the proxy fraud claims. There is no reason to expect that those who do not request exclusion from the Gissen action in which relief is sought based on Sections 10(b) and 14(a) of the Act would desire to be excluded from the Chechik action simply because allegedly additional theories of recovery are advanced in the latter case. Therefore, the Court will not at this time order additional notice of the pendency of the Chechik action.

■ In making this determination regarding the sub-class in the Chechik action, the Court reserves the right under Rule 23(c)(1) to amend or modify its order before decision on the merits. It should also be made clear that discovery in these actions should not be duplicative nor should the services rendered by the attorneys representing the class in the Gissen action and the sub-class in the Chechik action be duplicative.

Submit order promptly.